IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff/Respondent, | §<br>§<br>§ | |
| V. | § | CR. No. C-07-438 |
| | § | |
| JUAN ANTONIO SOLIS,<br>    Defendant/Movant. | §<br>§<br>§ | |

**ORDER DENYING WITHOUT PREJUDICE**
**DEFENDANT'S MOTION TO MODIFY JUDGMENT**

Pending before the Court is Defendant John Antonio Solis' ("Solis") "Motion to Modify Judgment and Commitment Order Pursuant to Federal Rules of Criminal Procedure 60(b)(6)," received by the Clerk on December 8, 2008. (D.E. 26.) For the reasons set forth herein, the motion is DENIED WITHOUT PREJUDICE.

**I. BACKGROUND**

Solis pleaded guilty to the single-count indictment against him, which charged him with possession with intent to distribute approximately 5.003 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 7, 11, 12.) The Court sentenced him on December 13, 2007 to 120 months in the custody of the Bureau of Prisons ("BOP"), to be followed by a five-year term of supervised release, and also imposed a $100 special assessment. The Court's judgment specifically states that the 120-month sentence "is to be served concurrently with any other state conviction presently in existence." (D.E. 23 at 2.) Judgment was entered against Solis on December 17, 2007. He did not appeal.

On December 8, 2008, the Clerk received from Solis the instant motion. In it, he requests that the Court "clarify" its intent to run his 120-month federal sentence concurrent with the seven-year sentence he received in state court. He asks for relief pursuant to Rule 60 of the Federal Rules

of Civil Procedure. He complains that the BOP is failing to comply with this Court's "order of concurrent effect." (D.E. 26 at 3.) He elaborates that he is serving a consecutive sentence and that a state sentence imposed prior to his federal sentence "is being lodged as a detainer." (Id.) He further alleges that the BOP started the running of his 120-month term of imprisonment on the day of sentencing in this case. He argues that, instead, his sentence in this case should have begun at the start of his undischarged state term of imprisonment.

## II. DISCUSSION

As an initial matter, relief under Rule 60, Fed. R. Crim. P., is not available in this criminal case. Instead, a criminal judgment may be modified only in the limited circumstances set forth in 18 U.S.C. § 3582, none of which are present in the instant case. More significantly, the Court notes that no clarification of its judgment is needed. The judgment clearly states that Solis' sentence in the instant case is to run concurrent with any existing sentences arising from defendant's state convictions. Thus, no clarification is needed to ensure that this Court's judgment is carried out by the BOP.

Solis' claim is essentially a challenge to the BOP's computation of his sentence and release date, and the proper vehicle for seeking such relief is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration")(citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing claim for credit to sentence under § 2241).

Solis has not styled his motion as a § 2241 motion, and the Court declines to construe it as such because this Court is not the proper court to consider such a motion. Instead, Solis should file it in the district where he is incarcerated. See Pack, 218 F.3d at 451. The address on his motion reflects that Solis is incarcerated in Big Spring, Texas in Howard County, which is located in the Abilene Division of the Northern District of Texas. 28 U.S.C. § 124(a)(3). Thus, assuming he remains incarcerated in Big Spring, Solis should file any § 2241 petition in that court.[1] Accordingly, to the extent it was intended to be a § 2241 motion, Defendant's motion is DENIED WITHOUT PREJUDICE to his ability to file a § 2241 petition in the appropriate district court. Lee v. Wetzel, 244 F.3d 370, 375 & n.4 (5th Cir. 2001) (a district court should not transfer a petition it does not have jurisdiction over, but instead dismiss the motion without prejudice).

### III. CONCLUSION

For the foregoing reasons, Solis' motion to modify the judgment (D.E. 26) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 18th day of December, 2008.

_____
Janis Graham Jack
United States District Judge

---

[1] The law also requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). Solis' motion does not indicate whether he has sought relief directly from the BOP or whether he has fully exhausted his administrative remedies. He would need to so allege in any § 2241 petition he files.